IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00261-CV

 

In re
Dolores Cervantes, Lupe Cervantes, Olga Rubio, Michael Abelino and Ashli
Michelle Cervantes

 

 



Original Proceeding

 



DISSENT TO Opinion on REHEARING

(And The Orders Imbedded Therein)



 

            The liberal recognition of exceptions
to our Rules of Procedure and Evidence used by the Court creates the equivalent
of private rules and unequal treatment for the litigants in this proceeding. 
In fact, the Court has so far departed from the Rules that we have ignored the
distinctions in the two proceedings filed in the trial court.

            I do not have the time to explain all
the missteps and misques the Court[1] has
taken, but I will try to comment upon the more egregious ones.

            There were two proceedings filed in
the trial court.  I will refer to them as the State’s case and the Interlopers’
case.  The State’s case was filed on June 27, 2008, to terminate the parental rights of Mary and Frank (pseudonyms for mother and father) as to Carl (another
pseudonym), their child.  This suit bears cause number 76,744-CCL.

            The time within which the statute requires
that the trial for this proceeding commence is a maximum of 18 months from the
date it was filed.  Many months went by and the matter appeared to be on track
for a timely disposition.  Even when the Fosters (pseudonym) intervened in the
State’s case on February 13, 2009, because they wanted to be more than foster
parents, there was no reason to expect the proceeding would be delayed.

            Then in March 2009, many months after
the State’s case was filed, with the assistance of Mary and Frank, five
relatives of Mary or Frank, all with some distant family connection to Carl, attempted
to intervene in the State’s case and took the position it is in Carl’s best
interest that one or more of them should be appointed managing conservator of
Carl.

            The trial court denied their plea in
intervention in early June 2009.  Undaunted, the five decide to use a different
tact.  Almost two months after the court denied their intervention in the
State’s case, they filed a new and separate suit affecting the parent child
relationship, the Interlopers’ case, and sought to have it consolidated with
the State’s case.  The Interlopers’ case was filed as cause number 79,062-CCL. 
The motion to consolidate was filed in the State’s case.

            Interestingly, the State and the
Fosters went into the Interlopers’ case and argued on separate grounds that
none of the five relatives had standing to file the Interlopers’ case, a SAPCR
(Suit Affecting Parent Child Relationship).

            In a hearing held on August 7, 2009, erroneously referred to by the trial court as occurring in the State’s case,
the trial court determined that none of the five relatives had standing and
struck the petition in the Interlopers’ case.  Not yet willing to throw in the
towel, the five relatives filed a petition for writ of mandamus from the
Interlopers’ case and a notice of appeal in the State’s case on August 12, 2009.  This proceeding is a purported mandamus of the striking of the petition,
the SAPCR, filed by the five relatives, in the Interlopers’ case.

            The Court requested a response and
stayed the trial court proceeding.  Therein this Court made its first two
errors that have plagued the Court, the parties, and the trial court.  When
this Court requested a response to the petition for writ of mandamus, that
request was in regard to the striking of the petition, the SAPCR, filed in the
Interlopers’ case.  However, the striking of that petition was a final judgment
that ended that proceeding in the trial court.  As such, there was no need to
proceed by mandamus because a direct appeal was immediately available.

            The other error the Court made was in
granting an emergency stay of the State’s case.  We had no authority to stay
the trial court proceedings in the State’s case, a suit from which a petition
for writ of mandamus had not been filed.

            The Court almost overcame the effect
of these two errors.  After unnecessarily requesting a response, the Court
denied the petition for writ of mandamus on September 23, 2009 in the Interlopers’ case and lifted the stay in the State’s case.  The reason for the denial
was because the five relatives, the petitioners, had failed to provide an
authenticated transcript containing the oral order striking the petition for
intervention in the Interlopers’ case.  Apparently, no written order has been
signed.  

            But just when it appeared things were
about to get back on track in the State’s case, the Court shot itself in the
foot when a majority granted a motion for rehearing because the reporter’s
record had become available.  The Court has ignored the fact that the record
was not even requested until two days after the Court issued its opinion
denying the petition for writ of mandamus.  I voted to deny the motion for rehearing. 
The Court requested a response to the motion for rehearing and, later, again
erroneously, stayed the State’s case from proceeding to trial.

            The Court finally received the
reporter’s record on October 5, 2009.  A motion to supplement the mandamus
record and a supplemental petition for writ of mandamus were filed on October 16, 2009.

            This brings us to the Court’s opinion,
now granting relief on the petition for writ of mandamus.  The Court struggles
to overcome the numerous legal hurdles to granting relief.  A partial listing
is as follows:

1.     
Overcoming the late-filed
record;

2.     
Overcoming uncorrected
procedural deficiencies in the petition that were pointed out by the real
parties in interest;

3.     
Using the standard of review
in a manner that eliminates the trial court’s role as a fact finder;

4.     
Reliance on an offer of proof
that was never offered (and it was not made until after the trial court had
ruled); 

5.     
Ignoring the total failure to
pursue the direct appeal, which could have, if properly pursued, accorded the
same relief the Court purports to order by mandamus, thus ignoring the standard
for issuance of a writ of mandamus; and

6.     
Ignoring the waiver of the
very claim on which relief is being granted in this proceeding by the relatives
having failed to pursue relief from the earlier denial of their plea in
intervention filed by the five relatives in the State’s case, by either a
petition for writ of mandamus or pursuit of the direct appeal they filed at the
same time they filed this mandamus proceeding.

 

            I note the only “unusual circumstance”
in this proceeding for not having the reporter’s record was that it is unusual
that the party needing the record for a mandamus proceeding did not even
request it until two days after the Court’s opinion  was issued denying the
petition for writ of mandamus.  That is hardly the type “unusual circumstance”
that should justify late supplementation of the record.  This is particularly
true when the real party in interest and the Court had pointed out the
deficiency and given the parties time to correct it before the opinion denying
relief was issued.

Conclusion

            I would deny the motion for rehearing
leaving our prior unanimous opinion denying the petition for writ of mandamus
undisturbed.  Because the Court orders relief, I respectfully dissent.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Dissent
to order and Opinion on Rehearing delivered and filed November 10, 2009









[1]   The term “Court” as used herein may be
technically incorrect.  The Opinion on Rehearing is the opinion of only Justice
Reyna; but the result reached therein is joined by Justice Davis without
joining the opinion.  As such, the opinion has no precedential value.  There
are other procedural issues but due to the pressure of time, I will not
elaborate on all of them.